IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

                              ORDER

                              16-cr-69-wmc-5

   v.

PARISH BARBARY-WHEATHERBY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Parish Barbary-Wheatherby's supervised release was held on January 8, 2020, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Robert Anderson appeared for the government. The defendant was present in person and by counsel Kim Zion. Also present was U.S. Probation Officer Jelani Brown.

FACTS

From the record and the parties' stipulation, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on May 10, 2017, following his conviction for passing counterfeit obligations in violation of 18 U.S.C. § 472, a Class C felony. The defendant was sentenced to a three-year term of probation, which commenced immediately following the hearing.

The defendant violated the mandatory condition of supervision requiring that he not commit another federal, state, or local crime. On February 15, 2018, the defendant was arrested by the Madison, Wisconsin, Police Department for disorderly conduct, battery, and theft as a result of a domestic altercation with his girlfriend. On March 20, 2018, the defendant convicted of

disorderly conduct and was fined $235.50 in Dane County Circuit Court Case No. 18FO347, as a result of that incident.

The defendant also violated Standard Condition No. 2 requiring him to report to the probation office as directed, answer inquiries by the probation officer, and follow the officer's instructions. Specifically, on November 7, 2017, the defendant was instructed to schedule an appointment with his substance abuse counselor and discontinue his marijuana use. Instead, he failed to contact his substance abuse counselor in December 2018 and January 2019, and continued to use marijuana use as evidenced by the positive urine sample he provided on May 3, 2018. Worse, the defendant has continued to violate Standard Condition No. 5 prohibiting him from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance. The defendant submitted urine specimens that tested positive for marijuana on May 2 and 18, and November 7, 2017, May 3 and September 26, 2018, and February 6 and March 26, 2019. He also tested positive for opiates on May 3, 2018. Most recently, on December 20, 2019, the probation office filed a report alleging additional use of marijuana by the defendant on October 11 and November 1, 2019.

The defendant next violated Special Condition No 15 requiring him to participate in substance abuse treatment. On January 10, 2018, the defendant was discharged from treatment at the request of his substance abuse counselor after missing numerous scheduled appointments. To the defendant's credit, since he returned to substance abuse treatment on October 1, 2019, he has participated in substance abuse counseling as requested; however, his continued use of marijuana does not appear to have diminished.

Finally, the defendant violated the financial condition requiring that he make nominal restitution payments of a minimum of $25 each month, beginning within 30 days of his sentencing

in the instant offense. The defendant made one $20 restitution payment on April 12, 2019, after being instructed to do so by his probation officer. In anticipation of a hearing on July 29, 2019, the defendant made an additional payment of $20 on July 25, 2019, and he has continued to make restitution payments, albeit less than the minimum amount required, through November of last year. The defendant continues to have an outstanding restitution balance of $4,469.67, which is owed joint and severally by his co-defendants.

As set forth at 18 U.S.C. § 3583(g)(4), if a defendant as part of drug testing, tests positive for illegal controlled substance more than three times over the course of one year, the court shall revoke supervision. The defendant tested positive for marijuana on February 6, March 26, October 11, and November 2019. The defendant's criminal history score falls into Criminal History Category I. When coupled with a Grade C violation, the defendant's advisory guideline imprisonment range is 3 to 9 months. Under 18 U.S.C. § 3583, the statutory maximum to which the defendant can be sentenced upon revocation is two years, because his original conviction was for a Class C felony. Title 18 U.S.C. § 3583(a) also authorizes a term of supervised release to follow imprisonment, if probation is revoked. That term could be up to 36 months, less any term of imprisonment imposed upon revocation.

The court's principal concern is that Mr. Barbary-Wheatherby seems stuck in neutral, with no real plan to address his work and health needs, continuing to use marijuana ostensibly for medical reasons, but never getting any medical support for his need to do so. His compliance with the probation office's repeated efforts to address his drug dependency, limited employment and criminal behavior has been half-hearted at best, and that office seems to have run out of options to induce compliance.

CONCLUSIONS

This is a *very* close call given the defendant's lack of past compliance and half-hearted performance to date, but I credit suggestions of recent, greater compliance with counseling, more recent negative UAs for marijuana use, and apparent, full-time (or nearly full-time) work. Accordingly, I will CONTINUE the defendant's term of probation at this time subject to the existing terms and conditions PROVIDED (1) the defendant has no addition positive or missed UAs, (2) the defendant meets with his drug counselor at ATTIC *at least* twice per month without fail, and (3) the defendant maintain *at least* 32 to 40 hours per week for his current or other employer.

ORDER

IT IS ORDERED that the three-year period of probation is CONTINUED subject to the terms and conditions original imposed AND as modified above.

Entered this 9th day of January. 2020.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge